## Richard SIRES, Plaintiff–Appellant,

v.

## David R. AMBROSE; et al., Defendants–Appellees.

### No. 00–35766.
### D.C. No. CV–00–00245–GMK.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Richard Sires appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action against David Ambrose, a court-appointed arbitrator in a state court action against Sires; Carolyn and Randolph Newman, the plaintiffs in the lawsuit; and Eric Friedman, plaintiffs' attorney. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). We affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ Because this court "does not consider an issue not passed upon below," *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir.1995), Sires waived his contentions that the arbitrator failed to hold a hearing on one of his motions, and that the arbitrator converted his motion for summary judgment. Because this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief," *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986), Sires waived his contention that the arbitrator conspired against him.

■ Because state court rules dictate that pretrial motions during arbitration can only be delivered to the arbitrator and Sires did so, the district court did not err in dismissing Sires' conspiracy claim against appellees. *See* Or. Unif. Trial Ct. R. 13.040(3) (1999). Because Oregon law provided Sires with an opportunity to file a notice of appeal of an adverse arbitration award and a request for a trial de novo on all issues of law and fact, Or.Rev.Stat. § 36.425(2) (1999), and Sires filed a motion to set aside the arbitration award, the district court did not err in dismissing Sires' due process claim.

■ Because no amendment could save the complaint, and because Sires' request to amend would not support his claim, but rather add new claims and at least one additional third party, the district court did not err in dismissing the first amended complaint without leave to amend. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

AFFIRMED.